# IN THE COURT OF APPEALS OF IOWA

No. 21-1647
Filed October 5, 2022

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**LLOYD B. MORRISON,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Scott County, John D. Telleen,
Judge.


　　　Lloyd Morrison appeals from his guilty plea to assault with intent to commit
sexual abuse causing bodily injury. **AFFIRMED.**


　　　Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau,
Assistant Appellate Defender, for appellant.

　　　Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant
Attorney General, for appellee.


　　　Considered by Bower, C.J., Tabor, J., and Doyle, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2022).

**DOYLE, Senior Judge.**

Lloyd Morrison appeals his conviction following his guilty plea to assault with intent to commit sexual abuse causing bodily injury. He argues the district court should have, sua sponte, ordered a pre-sentencing competency evaluation and the court's failure to do so violated his right to due process. He asks that we vacate his guilty plea and sentence and remand to the district court for further proceedings. Having failed to make a showing before the district court that a reasonable person would believe that there is a substantial question of his competency, we affirm Morrison's conviction and sentence.

Morrison was charged with third-degree sexual abuse, habitual offender, after grabbing the genital area of a female store employee. He later entered a written guilty plea to assault with intent to commit sexual abuse causing bodily injury. He waived his right to be present and participate in an in-court plea colloquy. The district court accepted the paper plea, ordered a presentence investigation report (PSI), and set a sentencing date. Morrison appeared at the sentencing hearing and was sentenced to a period of incarceration. At no time did Morrison or his counsel request a competency hearing. Morrison now claims the PSI documented his "significant" mental-health issues such that the district court should have, sua sponte, ordered a competency evaluation.

This is a direct appeal from Morrison's guilty plea to a class "D" felony. Iowa Code section 814.6(1)(a)(3) (2020) prevents defendant from challenging their guilty pleas for anything but a class "A" felony unless they establish "good cause." So our threshold question is whether Morrison has good cause to appeal from his plea. *State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021). His claim the district

court erred in failing to, sua sponte, order a competency hearing established good cause to appeal as a matter of right. *State v. Newman*, 970 N.W.2d 866, 870-71 (Iowa 2022) (citing *State v. Chindlund*, No. 20-1368, 2021 WL 2708944, at *2 (Iowa Ct. App. June 30, 2021) ("[G]ood cause exists to challenge competency at the time of the plea irrespective of whether the issue was contested below." (quoting *State v. Cue*, No. 19-2150, 2020 WL 6157813, at *3 (Iowa Ct. App. Oct. 21, 2020))) *further review denied* (Dec. 22, 2020)).

Because the conviction of an incompetent person violates due process, we review competency decisions de novo. *State v. Einfeldt*, 914 N.W.2d 773, 778, 780 (Iowa 2018). We "examine the totality of the circumstances to determine if, at the relevant time, a substantial question of the [defendant]'s competency reasonably appeared." *Jones v. State*, 479 N.W.2d 265, 270 (Iowa 1991).

Throughout the district court proceedings, neither Morrison nor his counsel mentioned Morrison's competency. No one requested a competency evaluation. The record of the hearings Morrison participated in give no indication that he demonstrated irrational behavior during these proceedings or that his demeanor was anything but normal considering the circumstances. Being a paper plea, Morrison did not appear before the court taking the plea. That leaves for consideration only the PSI presented to the sentencing judge and Morrison's conduct during the sentencing hearing. To be sure, the PSI outlines Morrison's mental-health difficulties, including a history of PTSD, anxiety, depression and schizophrenia. A June 2020 psychiatric evaluation was conducted with the following diagnosis: "Bipolar disorder type I manic episode, traumatic brain injury, alcohol use disorder, and polysubstance use disorder." Under "Offender

Intervention Comments," the PSI states, among other things, "[a] mental health evaluation is paramount with monitoring to ensure [Morrison] adheres to his follow up care and medications." But the PSI says nothing about Morrison's competency to stand trial. Morrison was cogent and apologetic at his sentencing hearing. Nothing he said would have alerted a reasonable person to doubt Morrison's competency at the hearing.

There is a presumption that a defendant is competent to stand trial, and the defendant has the burden to prove incompetence. *Newman*, 970 N.W.2d at 871. When questions arise about a criminal defendant's competency, Iowa Code section 812.3 sets out a procedural mechanism to ensure due process is satisfied. It requires a competency hearing "at any stage of a criminal proceeding" if there are "specific facts showing that the defendant is suffering from a mental disorder which prevents the defendant from appreciating the charge, understanding the proceedings, or assisting effectively in the defense." Iowa Code § 812.3(1). Either a defendant or defense counsel can apply for a competency determination, or the court can schedule a competency hearing on its own motion. *See id.*

"Probable cause exists for a competency hearing when a reasonable person would believe that there is a substantial question of [Morrison]'s competency." *Einfeldt*, 914 N.W.2d at 779. Whether to hold a competency evaluation to determine a defendant's competency to stand trial presents a legal question; as a result, the trial court's discretion does not play a role. *Id.*

As noted, neither Morrison nor his attorney requested a competency hearing. Should the sentencing court have ordered a competency hearing on its own motion? In this case, to evaluate whether a hearing was required, we only

consider those competency factors known to the court at the time of the sentencing hearing. *See State v. Walton*, 228 N.W.2d 21, 23 (Iowa 1975). Factors in determining whether due process requires an inquiry into competency include (1) the defendant's irrational behavior, (2) demeanor at trial, and (3) any prior medical opinion on competence to stand trial. *State v. Lucas*, 232 N.W.2d 228, 232 (Iowa 1982). "[T]he ultimate question of competency facing the judge [is] whether the defendant is prevented from 'appreciating the charge, understanding the proceedings, or assisting effectively in the defense.'" *Einfeldt*, 914 N.W.2d at 791 (quoting Iowa Code § 812.3(1)). Put another way, "[t]he critical question is 'whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" *Newman*, 970 N.W.2d at 871 (citations omitted). Morrison's behavior and demeanor at the sentencing hearing (and prior hearings before other judges) reveal nothing to suggest a competency hearing was indicated. Our record also lacks any medical opinions on Morrison's competency. So we are left to consider only the mental health evidence in the PSI.

The question is whether the PSI information would lead a reasonable person to question Morrison's ability to appreciate the charges, understand the proceedings, or assist effectively in his defense. We conclude it does not. A defendant's past history of mental illness alone is insufficient to trigger a competency hearing. *See Einfeldt*, 914 N.W.2d at 782 n.3. "[E]ven the presence of mental illness at trial, in and of itself, is not necessarily sufficient to trigger the requirement of a competency hearing" unless it "give[s] rise to a serious question

as to whether the defendant meaningfully understands the charges and is capable of meaningfully assisting in the defense." *Id.*

On our de novo review, and after applying applicable factors, we find no specific facts about Morrison's competence that required the court to order a hearing on its own motion under section 812.3. The evidence shows Morrison understood the charges, was able to provide a factual basis for them, and assist in his defense. We also note Morrison has a lengthy criminal history and there is nothing in our record showing he had ever been declared to be incompetent in any of those proceedings. *See State v. Jarrell*, No. 12-1262, 2013 WL 535775, at *3 (Iowa Ct. App. Feb. 13, 2013) (noting in a discussion of the defendant's competency that the defendant "was not a neophyte to the criminal justice system at the time he entered" his plea). Furthermore, on the record presented, Morrison has failed to meet his burden to prove he was incompetent when his guilty plea was accepted. His claim is better suited for postconviction relief where an adequate record may be developed.

Morrison is entitled to no relief in this appeal. Thus, we affirm his conviction and sentence.

**AFFIRMED.**